1
2
3
4
5
6      UNITED STATES DISTRICT COURT
7      SOUTHERN DISTRICT OF CALIFORNIA

8   MARTHA ROJAS and ROGER ROJAS,          Case No.:  18-CV-579 CAB KSC
9                              Plaintiff,
                                           **DISMISSAL WITHOUT PREJUDICE**
10  v.                                     **FOR LACK OF SUBJECT MATTER**
                                           **JURISDICTION**
11  YGRENE ENERGY FUND, INC. et al.,
12                             Defendant.

13

14      This matter is before the Court on an order to show cause as to subject matter
15  jurisdiction.  The complaint alleges federal question jurisdiction based solely on a claim
16  for violation of Title 16, section 429.1, of the Code of Federal Regulations, and
17  supplemental jurisdiction over the eight state law claims.  However, "[t]o acquire federal
18  jurisdiction, a plaintiff must assert a colorable right to a remedy under a particular federal
19  statute."  *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).  Title 16, section
20  429.1, of the Code of Federal Regulations was promulgated pursuant to the Federal Trade
21  Commission Act (the "FTCA").  *See* Part 429--Cooling-Off Period for Door-to-Door Sales:
22  Promulgation of Trade Regulations Rule and Statement of Its Basis and Purpose, 37 Fed.
23  Reg. 22934-35 (Oct. 26, 1972).    The FTCA does not create a private right of action.
24  *Carlson*, 483 F.2d at 280; *O'Donnell v. Bank of Am., Nat'l Ass'n*, 504 Fed. Appx. 566, 568
25  (9th Cir. 2013) ("[T]he Federal Trade Commission Act . . . doesn't create a private right of
26  action."); 5 McCarthy on Trademarks and Unfair Competition § 27:119 (5th ed.) ("While
27  it has often been argued that a private right to sue for a violation of the FTC Act's
28  prohibitions should be implied, the courts have consistently held that there is no such

1

private right to sue. That is, only the FTC, as a federal agency, has the power to issue cease and desist orders, obtain civil penalties, or file suit for violation of the FTC Act."). Thus, "it follows that there is no private right of action to enforce the FTC's promulgated 16 C.F.R. § 429.1." *Howard v. Burleson Servs., Inc.*, No. 616CV300ORL18TBS, 2017 WL 1862212, at \*2 (M.D. Fla. May 8, 2017). If there is no private right of action to enforce 16 C.F.R. § 429.1, Plaintiffs have not asserted a colorable right to a remedy under a federal statute, meaning the Court lacks subject matter jurisdiction over this lawsuit.

In their response to the Court's order to show cause, Plaintiffs fail to cite to any federal court cases holding that consumers have a private right of action under 16 C.F.R. § 429.1 or the FTCA in general. That regulations enacted pursuant to the FTCA provide benefits or rights to consumers does not necessarily mean that consumers have a right to sue to enforce such regulations, regardless of whether the relief sought is equitable or monetary. Only the FTC has the power to file suit for violation of those regulations. *See* 5 McCarthy on Trademarks and Unfair Competition § 27:119 (5th ed.).

In sum, there is no private right of action to sue for violation of the FTC Act. This prohibition includes regulations promulgated pursuant to the FTC Act. Plaintiffs cite to no authority to the contrary. Plaintiffs first claim for violation of 16 C.F.R. § 429.1, therefore, does not assert a colorable right to a remedy obtainable by Plaintiffs via this lawsuit and cannot serve as a basis for federal question subject matter jurisdiction. Because Plaintiffs do not assert any other federal claims and because the lack of diversity between Defendants and Plaintiffs precludes the exercise of diversity jurisdiction, the Court lacks subject matter jurisdiction over Plaintiffs' complaint. Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

It is **SO ORDERED**.

Dated: April 10, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

18-CV-579 CAB KSC